UNITED STATES DISTRICT COURT
For the
Northern District of Indiana

| | |
|---|---|
| **American Traders, Inc., d/b/a Pawn King,** ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:20-cv-355 |
| ) | |
| **Sonja Kalis,** ) | |
|     Respondent. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Petitioner American Traders, Inc., d/b/a Pawn King, by and through its counsel, SCHLYER & ASSOCIATES, P.C., and pursuant to *47 USCA § 227*, *et. seq.* and *Indiana Code § 24-4.7-1-1 et. seq.* and any other applicable rule or law, files its Petition for Declaratory Judgment against Respondent, states and alleges as follows:

1. This is a civil action for a determination of rights, liabilities, and duties of each party under *47 USCA § 227 et. seq.* as claimed by Sonja Kalis (Respondent) in a letter sent to the corporate offices of American Traders, Inc., d/b/a Pawn King (Petitioner) on September 15, 2020. (see attached letter, and Petitioner's Exhibit 1).

2. This is also a civil action for determination of rights, liabilities, and duties of each party under and *Indiana Code § 24-4.7-1-1 et. seq.*

3. There is a dispute among the parties as to the rights, duties, and liabilities of the parties pursuant to *47 USCA § 227, et. seq.* and *I.C. § 24-4.7-1-1, et. seq.*

4. That presently and at the inception of the business relationship, Petitioner American Traders, Inc., d/b/a Pawn King, is a corporation organized under the laws of the State of Indiana.

5. At all times relevant Petitioner operates four (4) retail establishments throughout Northwest Indiana.

6. At all times relevant hereto and upon information and belief, Respondent Sonja Kalis is a resident of the State of Fort Worth, Texas, residing at 525 Fawn Meadow Drive.

7. Upon information and belief, on or about February, 8, 2020, Petitioner and Respondent began a business relationship. (see, Bravo Printout of Petitioner's Customer Card as, Petitioner's Exhibit 2).

8. As a part of the new business relationship between Petitioner and Respondent, Respondent voluntarily gave an employee of Petitioner her cellular phone number.

9. Respondent did refuse to give the employee of Petitioner her phone number.

10. Respondent did not inform the employee of Petitioner she did not want to receive any calls or text message solicitations. (see Petitioner's Exhibit 2).

11. On or about August 5, 2020, Petitioner sent current and former customers, who did not opt out from receiving text messages from Petitioner, a text message advertisement for one-month interest free on all new loans.

12. On or about September 15, 2020, Respondent sent Petitioner a letter, with attachments, alleging a violation of *47 USCA § 227, et. seq.* (see, Respondent's Letter attached as Petitioner's Exhibit 3).

13. Respondent's letter dated September 15, 2020 was postmarked September 23, 2020. (See attached envelope as Petitioner's Exhibit 4).

14. In the letter, Respondent cited *47 USCA § 227* as the statute violated by Petitioner. (see Petitioner's Exhibit 3).

15. Further, Respondent threatens litigation unless Petitioner accepts:

> … this very equitable, one-time offer:
>
> Please sent, made payable to me, certified funds in the amount of $1500, to the address listed herein within five (5) days of your receipt of this correspondence. In exchange, I will release any and all claims relates to this matter, and forgo any future reports, complaints or grievances to stat or federal government agencies or authorities not yet made.

(see Petitioner's Exhibit 3).

16. Respondent added additional threats:

    > If you do not choose to settle, I can assure you that I will do my part to help enforce the law as Congress intended and I will sue you for violating the law. Additionally, I may decide to seek class action certification in a suit against you, as I am certain that I am not the only one to have received this type of unlawful communication from your company.

    (see Petitioner's Exhibit 3).

17. Respondent's claims are unfounded as *47 USCA § 227* includes an exception to the statue which prohibits the unlawful transmission of unsolicited communications, namely it is a **business relationship** exception.

18. *47 UCSA § 227(b)(1),* states:

    > It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless – *(i) the unsolicited advertisement is from a sender with an established business relationship with the recipient*; (ii) the sender obtained the number of the telephone facsimile machine through – (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement…

    *emphasis added*.

3

19. Respondent entered into a business relationship with Petitioner on or about February 8, 2020. (see Petitioner's Exhibit 2).

20. Upon entering into a business relationship with the Petitioner, Respondent voluntarily gave Petitioner her cell phone number \*\*\*-\*\*\*-0537 (redacted for privacy). (see Petitioner's Exhibit 2).

21. Company policy when initially creating the Customer Profile includes asking if the company can call or text the number provided.

22. Should a customer not want to be called or sent a text message, there are boxes on the Customer Profile to be checked "DNC" for Do Not Call and "DNT" for Do Not Text. (see Petitioner's Exhibit 2).

23. It is clear from Petitioner's Exhibit 2, Respondent never informed Petitioner that she did not want to be called or sent a text message, thereby authorizing Petitioner to call and send text messages relating to business between Petitioner and Respondent.

24. Further, *47 USCA § 227 (c)(5)* states:

> A person who has received ***more than one*** telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State –

*emphasis added*.

25. Respondent did not receive more than one, she received one, messaged from Petitioners, with whom she had an existing business relationship.

26. *47 USCA § 227 (g)(2)* grants exclusive jurisdiction to United States District Courts for all civil actions being brought under this subsection.

27. *47 USCA § 227 (f)* makes it clear that this subsection does not preempt Indiana State laws on this subject.

28. *Indiana Code § 24-4.7-1-1 et. seq.* governs telephone solicitation of consumers.

29. *I.C. § 24-4.7-4-6* states:

    A telephone solicitor, a supplier, or a caller must also comply with all other applicable laws, including the following, if applicable: … (2) I.C. 24-5-14.

30. *I.C. § 24-5-14-5* states:

    This section does not apply to any of the following messages: … (2) Messages to subscribers with whom the caller has a ***current business*** or personal ***relationship***. *emphasis added*.

31. Petitioner American Traders, Inc., d/b/a Pawn King seeks a determination of rights, liabilities, and duties of each party as it pertains to *47 USCA § 227 et. seq.* and *I.C. §24-4.7-1-1 et. seq.*

32. An actual existing and bona fide controversy exists between the Petitioner and Respondent as to their relationship in respect to the aforementioned business relationship communication, and the rights of the parties can be determined only be a declaratory judgment.

WHEREFORE, Petitioner American Traders, Inc., d/b/a Pawn King, prays for an entry of Declaratory Judgment on the rights and duties of the parties to this action, costs of this action, attorney's fees, and for all other further just and proper relief in the premises.

                Respectfully submitted,

                SCHLYER & ASSOCIATES, P.C.

                ***/s/Christopher L. Wartman***

                Christopher L. Wartman, 35608-45
                *One of the Attorneys for Petitioner*

SCHLYER & ASSOCIATES, P.C.
200 W. 80th Place
Merrillville, IN 46410
P: 219-757-0225
F: 219-757-0231